1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JON LLOYD HOUSTON,                          No.  2:15-cv-2188 CKD P (TEMP)

12                    Plaintiff,

13         v.                                      ORDER

14    GREGORY SOKOLOV et al.,

15                    Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed

18    pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's first amended complaint.

19                              **SCREENING REQUIREMENT**

20         The court is required to screen complaints brought by prisoners seeking relief against a

21    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

22    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

23    that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

24    granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

25    U.S.C. § 1915A(b)(1) & (2).

26         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

27    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

28    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

3   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

4   Cir. 1989); Franklin, 745 F.2d at 1227.

5        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

6   statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

7   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

8   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

9   However, in order to survive dismissal for failure to state a claim a complaint must contain more

10  than "a formulaic recitation of the elements of a cause of action;" it must contain factual

11  allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550

12  U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

13  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

14  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

15  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

16       The Civil Rights Act under which this action was filed provides as follows:

17           Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
18           deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
19           law, suit in equity, or other proper proceeding for redress.

20  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

21  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

22  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

23  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

24  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

25  omits to perform an act which he is legally required to do that causes the deprivation of which

26  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

27       Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

28  their employees under a theory of respondeat superior and, therefore, when a named defendant

1    holds a supervisorial position, the causal link between him and the claimed constitutional

2    violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);

3    Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

4    concerning the involvement of official personnel in civil rights violations are not sufficient.  See

5    Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

6                              **PLAINTIFF'S AMENDED COMPLAINT**

7           In his amended complaint, plaintiff identifies Rio Cosumnes Correctional Center Nurse

8    Practitioner Williams as the defendant in this action.  Plaintiff alleges that county jail doctors

9    previously prescribed him Risperdal and an anti-depressant to take daily for his paranoid

10   schizophrenia, but now they refuse to provide him with these medications.  Specifically, plaintiff

11   alleges that defendant Nurse Williams has denied him treatment for his condition over and over

12   again and slammed a window in his face on three different occasions.  In terms of relief, plaintiff

13   requests monetary damages and proper treatment of his paranoid schizophrenia.  (Am. Compl. 1-

14   2.)

15                                      **DISCUSSION**

16          The allegations of plaintiff's amended complaint are so vague and conclusory that the

17   court is unable to determine whether the current action is frivolous or fails to state a claim for

18   relief.  The complaint does not contain a short and plain statement as required by Fed. R. Civ. P.

19   8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

20   notice to the defendants and must allege facts that support the elements of the claim plainly and

21   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

22   must allege with at least some degree of particularity overt acts which defendants engaged in that

23   support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Federal

24   Rule of Civil Procedure 8(a)(2), the court must dismiss plaintiff's amended complaint.  In the

25   interest of justice, the court will grant plaintiff leave to file a final, second amended complaint.

26          If plaintiff chooses to pursue this action by filing a second amended complaint, he must

27   allege facts therein demonstrating how the conditions complained of resulted in a deprivation of

28   plaintiff's federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

1980).  In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

As this court previously advised plaintiff, to maintain an Eighth Amendment claim based on inadequate medical care, he must allege facts showing that defendants acted with deliberate indifference to serious medical needs.  See Estelle v. Gamble, 429 U.S. 97 (1976).  In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'"  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal citations omitted)

Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

Based on the allegations of plaintiff's amended complaint, at most, plaintiff has alleged a mere difference of opinion between him and defendant Nurse Williams with respect to his treatment for his paranoid schizophrenia.  It is well established that a mere difference of opinion between a prisoner and prison medical personnel as to the proper course of medical care does not give rise to a cognizable § 1983 claim.  See Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012); Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see also Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

4

In any second amended complaint that plaintiff elects to file, he should allege facts that, if proven, would show that the course of treatment defendant Williams chose was medically unacceptable under the circumstances and that she chose this course of treatment in conscious disregard of an excessive risk to plaintiff's health.  See Jackson, 90 F.3d at 332; Toguchi, 391 F.3d at 1058.  Plaintiff must specify how defendant Williams was involved in his medical care, explain why the care she provided was inadequate, and clarify what injury he suffered as a result of the defendant's medical care.  Plaintiff is cautioned that, before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make his second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, his prior pleading no longer serves any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's amended complaint (Doc. No. 8) is dismissed;

2.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice; and

/////

/////

1    3.  The Clerk of the Court is directed to send plaintiff the court's form for filing a civil

2    rights action.

3    Dated:  March 15, 2016

4                                                    _____
                                                     CAROLYN K. DELANEY
5                                                    UNITED STATES MAGISTRATE JUDGE

6

7    ec
     hous2188.14am
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28